NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**WILLIE J. KEYS, JR.,**
*Claimant-Appellant,*

v.

**SLOAN D. GIBSON,**
**Acting Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7109

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-0797, Judge Lawrence B. Hagel.

---

Decided:  June 26, 2014

---

DEANNE L. BONNER SIMPSON, Bonner Di Salvo, PLLC, of Detroit, Michigan, for claimant-appellant.

ERIC P. BRUSKIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and SCOTT D. AUSTIN, Assistant Director.  Of counsel on the

brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before NEWMAN, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

Willie J. Keys, Jr. appeals a judgment of the United States Court of Appeals for Veterans Claims, which affirmed the denial of his claim for veterans' benefits based on his sleep apnea. *Keys v. Shinseki*, No. 11-0797, 2013 WL 790304 (Vet. App. Mar. 4, 2013). In cases such as these, our jurisdiction is limited and we cannot review questions of fact or application of law to fact. Because Mr. Keys has not presented any issue that falls within the limited scope of our jurisdiction, we dismiss the appeal.

I.

Mr. Keys is a Persian Gulf veteran who served on active duty in the United States Navy from September 1988 to October 1993. In 2006, Mr. Keys was diagnosed with mild obstructive sleep apnea. The 2006 private medical report created at the time of his diagnosis states that Mr. Keys has a history of feeling sleepy.

In 2006, after his sleep apnea diagnosis, Mr. Keys filed a claim for veterans' benefits, asserting service connection for hypertension and sleep apnea. Only Mr. Keys's claim for service connection for sleep apnea is at issue in this appeal. Mr. Keys's benefits claim states that his sleep apnea "is likely related to [his] Desert Storm/Gulf War experience."

In 2007, a Regional Office of the Department of Veterans Affairs denied Mr. Keys's claim for service connection for sleep apnea. Mr. Keys appealed to the Board of

Veterans' Appeals. The Board found no service connection for sleep apnea.

Mr. Keys then appealed to the Veterans Court. On the parties' joint motion, the court remanded the case to the Board to reconsider Mr. Keys's testimony regarding his sleep apnea and any possible service connection, and whether a further medical examination was required.

On remand, the Board again found no service connection. The Board determined that Mr. Keys does not qualify for service connection based on an undiagnosed illness under 38 C.F.R. § 3.317, because Mr. Keys has an actual clinical diagnosis of sleep apnea, and thus does not have an undiagnosed illness. The Board also found that the evidence did not warrant a finding of direct service connection for his sleep apnea.

The Board addressed two pieces of evidence. The first is Mr. Keys's statement that his sleep apnea "is likely related to [his] Desert Storm/Gulf War experience." RA25. The Board found that statement was not competent medical nexus evidence, because while Mr. Keys is competent to report observable symptoms of sleep apnea since service, his statement does not suggest continuity of symptomatology since service. Instead, the Board found, Mr. Keys's statement suggests a relationship between Mr. Keys's sleep apnea and his military service, which is a question beyond the competence of a lay person.

The second piece of evidence the Board addressed is Mr. Keys's 2006 private medical report, which states that Mr. Keys has a history of feeling sleepy. The Board determined that, although this statement is competent to show a history of sleepiness, it is not competent to establish continuity of sleepiness since service. The Board ultimately held that because there were neither assertions of continuity of sleep apnea symptoms since service nor competent medical evidence linking Mr. Keys's service to his sleep apnea, the duty to provide a medical examina-

tion is not triggered, and direct service connection must be denied.

On appeal, the Veterans Court affirmed, determining that: (1) the Board's determination that Mr. Keys is not entitled to service connection for sleep apnea is not clearly erroneous; (2) the Board's determination that a medical examination is not required is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and (3) the Board provided adequate reasons or bases for its decision. *Keys*, WL 790304 at *1.

## II.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292 (2012). We have exclusive jurisdiction to decide appeals that challenge a decision of the Veterans Court with respect to a rule of law, including the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). However, we do not have jurisdiction to review a factual determination or a law or regulation as applied to the facts of a particular case, except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Mr. Keys raises two issues in this appeal: (1) whether the Veterans Court failed to apply the law regarding the Department of Veterans Affairs' duty to provide a medical examination and (2) whether the Veterans Court misapplied the law regarding the Department of Veterans Affairs' duty to seek clarification. But both of these issues involve, at best, the application of law to fact, issues beyond our jurisdiction.

As to the first issue of whether the duty to provide a medical examination was triggered, Mr. Keys contends that the requirement for a medical examination was triggered because there is no etiology opinion in the record; he is competent to testify about the symptoms of his sleep apnea; and the Board ignored his statements

that he had a history of sleepiness. These arguments, however, are all directed to whether the Board and the Veterans Court properly applied the law regarding the duty to provide a medical examination—an application of law to fact that we cannot review—rather than to any legal error in the court's decision.

Similarly, the question of whether the Board properly fulfilled its duty to assist and seek clarification on remand also implicates the application of law to fact and is, therefore, beyond the court's jurisdiction.

Congress has made the Veterans Court, not this court, the venue for the type of case-specific review of factual matters and applications of law to fact that Mr. Keys asks us to review. Accordingly, we must dismiss this appeal for lack of jurisdiction.

## DISMISSED

### COST

No Costs.